**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SHU MEI HU,<br><br>             Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>             Respondent. | No.   15-70411<br><br>Agency No. A089-984-152<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Shu Mei Hu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

1.      To overturn an adverse credibility determination, we must conclude that the evidence compels a contrary conclusion. *Lianhua Jiang v. Holder*, 754 F.3d 733, 739 (9th Cir. 2014). The agency was not required to credit Hu's explanations for the inconsistencies in her testimony or her inability to provide evidence corroborating her claim that she was forced to undergo an abortion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("[T]he record does not compel the finding that the IJ's unwillingness to believe this explanation . . . was erroneous."); *Shrestha*, 590 F.3d at 1047–48 ("[W]e reverse an agency's determination concerning the availability of corroborative evidence only if a reasonable trier of fact would be compelled to conclude that such corroborating evidence is unavailable.").

2.      Substantial evidence supports the agency's conclusion that Hu failed to establish persecution on account of her religion. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (concluding that a brief detention, an interrogation, and

---

[1]      Hu does not challenge the agency's denial of CAT protection.

a beating that did not require medical treatment did not compel the conclusion that the petitioner had suffered past persecution or had a well-founded fear of future persecution). Thus, Hu's asylum and withholding of removal claims fail.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**